FILED

2020 Oct-15  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEKORRIE K. BELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **2:20-cv-01443-AKK** |
| **CAPS DOWNTOWN** | ) | |
| **BIRMINGHAM, AL.,** | ) | |
| | ) | |
| **Defendant.** | | |

## <u>MEMORANDUM OPINION</u>

DeKorrie K. Bell, proceeding *pro se*, commenced this action against City
Action Partnership ("CAP"), a non-profit agency that promotes public safety in
downtown Birmingham, Alabama.  Essentially, Bell alleges that CAP employees
violated her civil rights by refusing to assist her after she slipped and fell near a
downtown bus stop. *See* doc. 1 at 3, 8.  Bell says she spent "three hours on the cold
ground" after falling while carrying her suitcase to the bus stop. *Id.* at 8.  She was
on crutches at the time due to a recent heel fracture for which she was allegedly
"deemed total[ly] disabled." *Id.*  After a bystander alerted CAP to the situation, two
CAP employees approached Bell and asked her to leave. *Id.*  At that point, Bell
walked to the bus stop but fell twice more, twisting her ankle in the process, before
ultimately boarding the bus. *Id.*  Consequently, Bell says she spent the next two
days in the emergency room. *Id.*  Based on these allegations, Bell asserts claims for

punitive damages in the amount of $350,000 against CAP "for [negligence] and conspiracy to obstruct justice." *Id.* at 5.

## I.

This action is before the court on Bell's motion for leave to proceed *in forma pauperis* and appoint counsel, doc. 2, and her motion for discovery, doc. 3. Bell's motion for leave to proceed *in forma pauperis* is due to be granted to the extent that she seeks to commence this action without prepayment of fees. Her request for appointment of counsel is due to be denied, however. Bell indicated in her request for counsel that Legal Aid Services declined to represent her. Doc. 2 at 3. Because she cannot afford representation herself, Bell asks the court to appoint an attorney for her. *Id.* at 1. But "[a]ppointment of counsel in a civil case . . . is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel and complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Indeed, "there is no constitutional or statutory right to effective assistance of counsel on a civil case." *Mekdeci v. Merrell Nat. Labs.*, 711 F.2d 1510, 1522 (11th Cir. 1983). Based on the court's review of Bell's complaint, doc. 1, the factual and legal questions in this case are insufficiently complex to require appointment of counsel. If Bell cannot obtain

counsel independently, the court encourages her to reach out to local bar associations[1] to find attorneys with experience handing similar claims.

## II.

The court next considers whether Bell's complaint warrants proceeding to discovery. Under 28 U.S.C. § 1915, district courts must dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The standard governing dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) applies equally to § 1915(e)(2)(B)(ii). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

As explained below, Bell may have legitimate grievances against CAP, but the grievances she identifies in her complaint fail to state a claim because they do not implicate a right under the Constitution or federal law. Therefore, her claims are due to be dismissed without prejudice.

---

[1] Such organizations include the Birmingham Bar Association, the Birmingham chapter of the Federal Bar Association, or the Alabama State Bar Association.

**A.**

Under Rule 12(b)(6), a complaint should be dismissed if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept "the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). "[A] legal conclusion couched as a factual allegation" need not be accepted as true, however. *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). This inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

As a *pro se* litigant, Bell is entitled to a more forgiving review. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). In other words, the court cannot disregard the federal pleading standards simply because Bell cannot afford counsel. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

**B.**

Notwithstanding her status as a *pro se* litigant, Bell fails to state a plausible federal claim for which relief can be granted.  Bell contends that the claims in her complaint involve constitutional or federal questions warranting the exercise of this court's jurisdiction.  *See* doc. 1 at 3.  Specifically, she asserts claims of a "conspiracy to cover up a crime," a "hate crime," and "ordinary negligence."  *Id.*  Bell does not cite any federal statutes, treaties, or constitutional provisions to support that contention.  *See id.*  Although an alleged conspiracy and hate crime may implicate federal criminal laws, no private right of action exists to enforce those laws, which precludes Bell from seeking redress for these violations in federal court.

Under a liberal construction of her complaint, however, Bell seems to assert negligence claims against CAP under 42 U.S.C. § 1983.  To state a plausible claim under § 1983, a plaintiff must allege "(1) a violation of a constitutional right; and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors."  *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) (citations omitted).  Even assuming that CAP is subject to challenge under § 1983,[2] Bell's complaint must be dismissed because she has not plausibly alleged that CAP violated her constitutional rights.

---

[2] It is unclear at this early stage whether CAP is a state-operated entity or is instead a private entity granted jurisdiction over maintaining public safety in downtown Birmingham.  Plaintiffs can clearly assert § 1983 claims against the former, but "[o]nly in rare circumstances can a private

Bell alleges that CAP's employees engaged in "ordinary negligence" by failing to assist her after multiple falls. Doc. 1 at 3. She says that this purported negligence felt like "a personal attack or something just to stand ther[e] []idle and see someone hurting and struggling to [the] bus stop with no remorse or compassion." *Id.* at 9. To the extent that these statements assert a § 1983 claim for an alleged violation of her Fourteenth Amendment right to due process based on CAP's negligence, Bell has not alleged a deprivation of a constitutionally-protected liberty or property interest.[3]

The Supreme Court has made clear that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original). Rather, this guarantee has been historically "applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Id.* at 331 (emphasis in original). In other words, "[n]ot every action by a state actor

---

party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 241 F.3d 1341, 1347 (11th Cir. 1992). However, one of those circumstances is when "the private parties performed a public function that was traditionally the exclusive prerogative of the State." *Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quotation omitted). Because CAP appears to provide a traditional public function of policing the downtown area, and because Bell would not have stated a claim regardless of whether CAP is a state actor, the court assumes without deciding that CAP is subject to suit under § 1983.

[3] To plead a plausible civil rights claim for an alleged violation of a right to due process, a plaintiff must allege "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citation omitted).

that results in a loss of liberty under the Due Process Clause gives rise to liability under § 1983." *Porter v. White*, 483 F.3d 1294, 1307 (11th Cir. 2007). Thus, "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). So, although the court is sympathetic to Bell's serious allegations, she is not entitled to relief in federal court for her ordinary negligence claim.

## IV.

When a more carefully drafted complaint might state a claim, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). But a court may properly dismiss a *pro se* plaintiff's complaint if "a more carefully drafted complaint could not state a claim." *Id.* (quotation omitted). Here, the deficiencies described above establish that Bell could not state a plausible claim for federal relief even with an amended complaint. This is not a case where the court is required to give Bell an opportunity to amend because "[m]ore specific allegations . . . would [remedy] the pleading problems" contained in her complaint. *Id.* at 1292. Instead, amendment here would be futile. Thus, the court will dismiss Bell's federal claims, without prejudice, without giving her another chance to amend her complaint. A separate order will be issued contemporaneously with this Memorandum Opinion.

**DONE** the 15th day of October, 2020.

                                                 **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE